COLEMAN, JUSTICE, DISSENTING:
 

 ¶30. The Harrison County Youth Court denied Pass Christian School District's request to release the youth court records pertaining to an alleged assault of a minor by three other minor students. Because the youth court judge followed the dictates
 of the applicable statute in refusing to disseminate the records at issue, and, with respect, because the majority does not, I would affirm.
 

 ¶31. In her May 24, 2017, order, the youth court judge properly set forth the standard required by statute, writing that "disclosure of records is allowed only where 'the Youth Court concludes, in its discretion, that disclosure is required for the best interests of the child, the public safety or the functioning of the Youth Court' ...." Her recitation of the standard directly quotes Mississippi Code Section 43-21-261(1) (Supp. 2018).
 
 [4]
 
 The youth court judge noted that the three minors, whose best interest was at issue in deciding whether to release the records, were not parties to the underlying action in circuit court involving the Pass Christian school, and she found no valid ground for holding that the release of the record was in the best interest of the minors.
 

 ¶32. The majority makes several reasonable and pragmatic arguments in favor of forcing the release of parts of the youth court record. Maj. Op. ¶ 17. However, unlike the youth court, the majority does not follow the Section 43-21-261(1) requirement that disclosure be "required for the best interests of the child, the public safety or the functioning of the youth court."
 

 ¶33. I agree with Presiding Justice King that
 
 In re J.E. v. State
 
 ,
 
 726 So. 2d 547
 
 (Miss. 1998), does not apply. The holding in
 
 In re J.E.
 
 rested in large part upon the application of the Confrontation Clause of the United States Constitution to a criminal defendant's request for records in order to enable cross-examination of potential witnesses.
 
 In re J.E.
 
 , 726 So. 2d at 549 (¶ 6). The underlying litigation involving the Pass Christian School District is civil in nature; accordingly, the Confrontation Clause and, by extension,
 
 In re J.E.
 
 , do not apply.
 

 ¶34. Justice King correctly points out that the relief afforded by the majority,
 
 i.e.
 
 , the partial release of the files, has not been requested. To the extent that his separate opinion makes the point, I join it. However, I, with respect, disagree with Justice King's assertion that the Court needs to create a standard for "when youth-court records should be disclosed in a case such as this ...." King Dis. Op. ¶ 24. The standard, as noted above, is supplied by statute.
 

 CHAMBERLIN, J., JOINS THIS OPINION.
 

 Effective July 1, 2019, the Legislature amended Section 43-21-261, but the amendments do not appear to change the standard.